IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY STARKES,

        Plaintiff,                No. CIV S-05-2275 DFL GGH P

    vs.

DR. HAILE, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 6, 2006, defendants Haile and Francisca filed an answer to the complaint. On April 11, 2006, defendant Kofoed filed a motion to dismiss.

        On May 8, 2006, plaintiff filed a motion for leave to file an amended complaint. On May 26, 2006, defendants filed a statement of non-opposition to plaintiff's motion to amend. Defendants state that it is unclear whether the document filed May 8, 2006, is intended to be an amended complaint. Defendants state that if plaintiff files a document labeled "amended complaint" they will file a response. On July 5, 2006, plaintiff filed an opposition to defendant's motion to dismiss.

/////

/////

/////

After reviewing plaintiff's May 8, 2006, motion for leave to amend, it is unclear whether plaintiff intended this document to be an amended complaint. Accordingly, plaintiff is granted thirty days from the date of this order to file an amended complaint. If plaintiff does not file an amended complaint, the court will deem defendant Kofoed's motion to dismiss submitted for decision.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////
/////
/////
/////

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 8, 2006, motion to amend is granted; plaintiff is granted thirty days from the date of this order to file an amended complaint; defendants' response is due thirty days thereafter; if plaintiff does not file an amended complaint within that time, the court will deem defendant Kofoed's April 11, 2006, motion to dismiss submitted for decision.

DATED:  7/6/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:bb
star2275.am