IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY STARKES,

        Plaintiff,                  No. CIV S-05-2275 DFL GGH P

    vs.

DR. HAILE, et al.,                ORDER AND

        Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 11, 2006, defendant Kofoed filed a motion to dismiss. On July 31, 2006, plaintiff filed a second amended complaint. On August 10, 2006, defendants Kofoed, Haile and Francisa filed a motion to dismiss the second amended complaint for failure to state a claim and for failure to exhaust administrative remedies.

       The April 11, 2006, motion to dismiss is vacated and the court recommends that the August 10, 2006, motion to dismiss be denied.

II. Plaintiff's Allegations

       Plaintiff alleges that on October 6, 2004, he went to the California Medical Facility (CMF) medical clinic complaining of severe pain and swelling of his left ankle.

1

Without performing an x-ray, defendant Haile diagnosed plaintiff as having a sprained ankle and prescribed an ice pack and ace bandage. On October 10 and 11, 2004, plaintiff requested a triage visit due to severe pain and swelling of his ankle. On both days, defendant Francisa denied plaintiff's request for a visit. Defendant Francisa stated that plaintiff's injury was not an emergency, and that he needed to fill out a sick call slip if he wanted to see a doctor.

On October 14, 2004, Dr. Liou examined plaintiff. Dr. Liou immediately ordered an x-ray which indicated that plaintiff's ankle was fractured. Dr. Liou gave plaintiff a splint and referred him to orthopedics.

On October 20, 2004, defendant Kofoed, an orthopedic surgeon, examined plaintiff. Defendant Kofoed ordered an x-ray which was taken on November 10, 2004. The x-ray showed that the ankle was not completely healed.

On November 30, 2004, defendant Kofoed removed the walking cast from plaintiff's ankle despite knowing that ankle was not completely healed. Plaintiff's ankle was still swollen and painful to walk on. Defendant Kofoed told plaintiff that this was normal. Defendant Kofoed did not order any pain medication or an ace bandage for plaintiff.

Defendant Kofoed ordered another x-ray of plaintiff's ankle, which was taken on December 6, 2004. This x-ray showed that the ankle was not completely healed.

On December 20, 2004, Dr. Saukhla informed plaintiff that his ankle was not completely healed.

On January 31, 2005, defendant Kofoed examined plaintiff's ankle. Plaintiff told defendant that he was still suffering pain. Plaintiff next saw defendant Kofoed on December 5, 2005, when he ordered therapy due to stiffness and pain in plaintiff's ankle.

Plaintiff alleges that his ankle did not properly heal as a result of defendants' inadequate medical care. Plaintiff alleges that his ankle is stiff and weak with limited movement.

\\\\\
\\\\\

III.  <u>Failure to Exhaust Administrative Remedies</u>

Defendants argue that plaintiff failed to exhaust his administrative remedies with respect to his claims against defendant Francisa

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement.  <u>Id.</u> at 1237-38.

In <u>Booth v. Churner</u>, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted.  <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).

While plaintiff is not required to articulate his legal theories in his administrative appeal, <u>see</u> <u>Strong v. Davis</u>, 297 F.3d 646, 650 (9th Cir. 2002), he is required to provide sufficient information so as to put prison officials on notice as to the facts at issue in his claim.  See <u>Porter v. Nussle</u>, 534 U.S. 516, 531, 122 S. Ct. 983 (2002) (emphasizing importance of providing prison officials with notice and opportunity to take action before prisoner files suit).

Attached as exhibit A to the second amended complaint are copies of the administrative appeals filed by plaintiff regarding the claims raised in this action, appeal no. 04-

3

1855. Plaintiff's first level appeal identified defendants Kofoed and Haile and contained plaintiff's complaints against them. This appeal did not specifically name defendant Francisa, although it stated that on October 10 and 11, 2004, the triage nurse refused to provide him treatment. As relief, plaintiff requested that defendant Haile be reprimanded. At the conclusion of the appeal plaintiff states, "Therefore my complaint is not only against Dr. Haily [sic] but against all the medical staff that have been involved in this issue of medical negligent [sic]!"

In his opposition to defendants' motion, plaintiff argues that could not specifically identify defendant Francisa in the appeal because he did not know her name.

While plaintiff's appeal did not specifically identify defendant Francisa by name, it included the specific allegations made against this defendant: the triage nurse refused plaintiff treatment on October 10 and 11, 2004. Plaintiff's appeal specifically stated that his complaint was brought against all staff that were involved in his treatment. Under these circumstances, the court finds that plaintiff's appeal put defendants on notice that he was complaining about the treatment provided to him by the triage nurse on the dates given. Accordingly, the court finds that plaintiff has exhausted his claims against defendant Francisa. The motion to dismiss for failure to exhaust administrative remedies should be denied.[1]

IV. Failure to State a Claim

   A. Legal Standard for Motion to Dismiss

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), Cervantes v. City of San Diego, 5 F.3d

---

[1] Defendants argued that if plaintiff failed to administratively exhaust any of his claims, then the entire action should be dismissed. The Ninth Circuit has rejected a total exhaustion rule. Lira v. Herrera, 427 F.3d 1164 (9th Cir. 2005).

1273, 1274-75 (9th Cir. 1993).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

/////

/////

B.  Legal Standard for Eighth Amendment Claims

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

/////

It is nothing less than recklessness in the criminal sense––a subjective standard––disregard of a risk of harm of which the actor is <u>actually</u> aware. <u>Id.</u> at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Id.</u> at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Id.</u> at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. <u>Id.</u> at 840-42, 114 S. Ct. at 1981. However, obviousness <u>per se</u> will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. <u>Jackson v. McIntosh</u>, 90 F.3d 330 (9th Cir. 1996); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to <u>competently</u> treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. <u>Id.</u>

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. <u>Shapley v. Nevada Bd. of State Prison Com'rs</u>, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. <u>McGuckin</u>, 974 F.2d at 1060, citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and <u>Hudson</u>, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. <u>McGuckin</u>, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the

medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

### C.  Analysis

Defendants argue that plaintiff's claim that defendant Haile misdiagnosed his ankle injury does not demonstrate that he acted with deliberate indifference.  As stated above, plaintiff alleges that on October 6, 2004, defendant Haile misdiagnosed his ankle as being sprained.  Plaintiff alleges that on October 14, 2004, Dr. Liou examined plaintiff's ankle and immediately ordered an x-ray which showed that the ankle was fractured.  Based on these allegations, the court cannot find beyond doubt that plaintiff could prove no set of facts consistent with his claim that defendant Haile acted with deliberate indifference.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803  (1994). For example, if plaintiff could prove that no reasonable doctor who examined his ankle on October 6, 2004, would have treated it as a sprain, he may be able to demonstrate deliberate indifference.

Defendants argue that plaintiff's allegations do not demonstrate that defendant Kofoed acted with deliberate indifference.  In particular, defendants argue that after defendant removed the cast on November 30, 2004, plaintiff was seen by another doctor on December 20, 2004, who informed him that his ankle was not healed.  Defendants suggest that because the other doctor who examined plaintiff also knew that the ankle was not healed, defendant Kofoed's liability for prematurely moving the cast somehow ceased.  Plaintiff also alleges that defendant Kofoed examined his ankle on January 31, 2005.

The gravamen of plaintiff's claim against defendant Kofoed is that he removed plaintiff's walking cast despite knowing that plaintiff's ankle was not completely healed.  As a result, plaintiff claims that his ankle did not heal properly.  If plaintiff could demonstrate that no reasonable doctor would have removed his cast knowing that ankle was not completely healed, he may be able to demonstrate deliberate indifference against defendant Kofoed.  NOW, Inc. v.

1 Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803  (1994).  That another doctor examined
2 plaintiff's ankle on December 20, 2004, does not necessarily mean that defendant did not act
3 with deliberate indifference when he removed the cast on November 30, 2004.

4 Defendants also argue the claims against defendants Haile and Kofoed should be
5 dismissed because plaintiff is really alleging that defendants delayed his receipt of medical care.
6 Defendants argue that because plaintiff does not allege that he suffered a substantial deprivation
7 of his rights as a result of the delay, the claims should be dismissed.

8 Although the delay in medical treatment must be harmful, there is no requirement
9 that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing Wood v.
10 Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000.
11 Plaintiff's claim against defendant Kofoed is not that he delayed plaintiff's receipt of medical
12 care.  Rather, plaintiff alleges that his ankle did not properly heal because defendant Kofoed
13 removed the cast prematurely.  This injury, i.e. the improperly healed ankle, is sufficient to state
14 an Eighth Amendment claim.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (prisoner shows
15 serious medical need by demonstrating that the failure to treat his condition resulted in further
16 significant injury or the unnecessary and wanton infliction of pain).

17 As for defendant Haile, plaintiff's allegations suggest that had defendant properly
18 diagnosed his ankle he would have received treatment sooner, which would have alleviated his
19 severe pain.  This injury, i.e. the severe pain, is sufficient harm on which to base a claim for
20 delay in medical treatment.

21 Plaintiff alleges that on October 10 and 11, 2004, defendant Francisa denied his
22 request for a traige visit.  Plaintiff alleges that he sought this emergency treatment because his
23 ankle was severely painful and swelling.  On October 14, 2004, Dr. Liou examined plaintiff and
24 ordered an x-ray.

25 Liberally construing plaintiff's complaint, he is alleging that as a result of
26 defendant Francisa's denial of his request for emergency medical treatment, he continued to

9

suffer severe pain until Dr. Liou gave him a splint on October 14, 2004.  Based on these allegations, the court cannot find beyond doubt that plaintiff could prove no set of facts consistent with his claim that defendant Francisa acted with deliberate indifference. <u>NOW, Inc. v. Schiedler</u>, 510 U.S. 249, 256, 114 S. Ct. 798, 803  (1994).

Accordingly, IT IS HEREBY ORDERED that defendants' April 11, 2006, motion to dismiss is vacated; and

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss filed August 10, 2006, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   11/20/06

/s/ Gregory G. Hollows

GREGORY G.  HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
star2275.mtd